UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY A. HART,

    Plaintiff,

v.                                                    Case No. 3:24cv325-LC-HTC

S. DAVIS,

    Defendant.
_____/

## AMENDED REPORT AND RECOMMENDATION[1]

Plaintiff Randy A. Hart, a prisoner proceeding *pro se*, has filed a handwritten document titled "Civil Rights Complaint," naming S. Davis, the Assistant Warden at Blackwater River Correctional Facility, as a defendant. Doc. 4. Plaintiff, however, is a three-striker who failed to pay the Court's filing fee and cannot proceed *in forma pauperis*. Plaintiff's case, therefore, should be dismissed.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

---

[1] On July 16, 2024, the undersigned issued a report recommending that this case be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is a three-striker who failed to pay the filing fee and failed to allege he was in imminent danger of serious physical injury. Doc. 3. The next day, the Court received an amended complaint from Plaintiff. This amended report and recommendation is being issued to confirm the undersigned has reviewed the amended complaint and finds it also fails to establish Plaintiff is in imminent danger of serious physical injury. Thus, dismissal under § 1915(g) remains appropriate.

brought an action or appeal in a court of the United States that was
dismissed on the grounds that it is frivolous, malicious, or fails to state
a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the

filing fee at the time he initiates his lawsuit, and his failure to do so warrants

dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236

(11th Cir. 2002)  (holding that "the proper procedure is for the district court to

dismiss the complaint without prejudice when it denies the prisoner leave to proceed

*in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner

"must pay the filing fee at the time he initiates the suit").  The only exception is if

the prisoner alleges facts to show he is "under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g).

Plaintiff is a three-striker.  The Court takes judicial notice that Plaintiff has

had the following cases dismissed for failure to state a claim or as frivolous: *Hart

v. United States*, No. 1:16-cv-21889-FAM, at Docs. 8 & 9 (S.D. Fla. July 29, 2016);

*Hart v. Florida*, No. 8:13-cv-2533-JSM-MAP, at Doc. 3 (M.D. Fla. Oct 4, 2013);

*Hart v. Judd, et al.*, No. 8:11-cv-1590-VMC-TBM, at Doc. 2 (M.D. Fla. Aug. 10,

2011).

Furthermore, Plaintiff has not shown that he is in "imminent danger" of

physical harm.  In Plaintiff's 3-page handwritten complaint, he complains about lack

of access to the courts, the institution's alleged failure to respond to grievances, and

Case No. 3:24cv325-LC-HTC

that his detention is unlawful due to "malicious prosecution." Those allegations do not show Plaintiff is in imminent danger of physical injury, and Plaintiff's conclusory allegation that he is in "present danger," without more, is insufficient.[2] *See Sutton v. Dist. Attorney's Off., of Gwinnett Superior Ct., Ga.*, 334 F. App'x 278, 279 (11th Cir. 2009) ("[G]eneral assertions . . . are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'") (citations omitted).

Finally, this Court (as well as other courts) has previously dismissed Plaintiff's cases based on his three-striker status. *See, e.g.*, *Hart v. Davis*, No. 23-14096-F, at Doc. 1 (11th Cir. Dec. 19, 2023) (finding that Plaintiff was subject to the "three strikes" provision of the PLRA); *Hart v. English*, et al., No. 3:24-cv-00181-LC-HTC, at Docs. 3 & 4 (N.D. Fla. May 31, 2024) (recognizing Plaintiff as a three-striker and dismissing case); *Hart v. Gray, et al.*, No. 5:19-cv-69-WTH-PRL, at Doc. 2 (M.D. Fla. Mar. 18, 2019) (same). Thus, Plaintiff knew he needed to assert allegations to meet the imminent danger exception or pay the filing fee. *See*

---

[2] *See Hart v. Payne*, 2020 WL 6703995, at *2 (N.D. Fla. Oct. 15, 2020), *report and recommendation adopted*, 2020 WL 6703798 (N.D. Fla. Nov. 13, 2020) ("Hart's allegation—that Defendant is holding the plaintiff in unlawful detention—fails to make a colorable showing that he is in imminent danger of serious physical injury."). Furthermore, claims regarding the legality of a prisoner's conviction and detention cannot be raised in a § 1983 action. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.").

*Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).  Plaintiff's failure to do so is malicious and an abuse of the judicial process.

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g) and also as malicious and an abuse of the judicial process.

2.    That the clerk close the file.

At Pensacola, Florida, this 18th day of July, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv325-LC-HTC